UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BILLY RAY DANIEL,

    Defendant.

Case No. 3:23-cr-104

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL; (2) CONFIRMING THAT THE HEARING ON DEFENDANT'S DURESS DEFENSE IS SET ON APRIL 24, 2024 AT 9:00 A.M.; (3) EXCLUDING THE TIME FROM MARCH 25, 2024 TO JUNE 19, 2024 FROM THE SPEEDY TRIAL ACT CALCULATION; (4) FINDING THAT THE SPEEDY TRIAL ACT DEADLINE IS JULY 23, 2024; (5) SETTING TRIAL FOR JULY 15, 2024 AT 9:00 A.M.; AND (5) SETTING A JOINT STATUS REPORT DEADLINE OF JULY 8, 2024**

---

This felony criminal case is before the Court upon Defendant's notice of duress defense (Doc. No. 40).  On March 20, 2024, the Court held a telephone status conference during which AFPD Arthur Mullins represented Defendant and AUSA Rob Painter represented the Government. During the status conference, the parties agreed that Defendant's notice contains a motion to continue trial, which the Court **GRANTED** as unopposed for the purpose of setting a hearing on Defendant's duress defense.  Following the status conference, the Court **SET** a duress hearing **on April 24, 2024 at 9:00 A.M.**

    Additionally, in light of the parties' agreement to a continuance of the trial date, and the Court's *sua sponte* review of the record, *see* 18 U.S.C. § 3161(h)(7)(A), the Court finds that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), after considering the factors set forth therein, the

ends of justice are served by granting the requested continuance and that such continuance outweighs the best interest of the public and Defendant in a speedy trial. Failure to grant the requested continuance would deny both the Government and Defendant the time necessary for effective preparation (such as having witnesses available to testify at trial and for Defendant's counsel to meet with him to review discovery), and the ability to explore all available means of resolving this case and prepare for trial (if necessary). *See* 18 U.S.C. § 3161(h)(7). Thus, the time from **March 25, 2024 until June 19, 2024** is **EXCLUDED** in computing the time set forth in 18 U.S.C. § 3161 within which the Government must bring Defendant to trial. Accounting for the time excluded from the Speedy Trial Act calculation, the new Speedy Trial Act deadline in the instant case is **July 23, 2024**.[1]

In addition, the Court **ORDERS** the case to proceed as follows:

Joint Status Report due: **July 8, 2024**

Trial date: **July 15, 2024 at 9:00 a.m.**

**IT IS SO ORDERED.**

March 25, 2024                                s/*Michael J. Newman*
                                              Hon. Michael J. Newman
                                              United States District Judge

---

[1] If counsel disagrees with this calculation, counsel shall contact the Court with their Speedy Trial Act calculation and deadline.